UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION
____

DARYL ZIMMER,

          Plaintiff,          Case No. 2:22-cv-200

v.                                    Honorable Maarten Vermaat

UNKNOWN METRO et al.,

          Defendants.
_____/

## OPINION

This is a civil rights action brought by a state prisoner under 42 U.S.C. § 1983. Plaintiff has been granted leave to proceed *in forma pauperis*. (ECF No. 9.) Pursuant to 28 U.S.C. § 636(c) and Rule 73 of the Federal Rules of Civil Procedure, Plaintiff consented to proceed in all matters in this action under the jurisdiction of a United States magistrate judge. (ECF No. 6.)

This case is presently before the Court for preliminary review under the Prison Litigation Reform Act, Pub. L. No. 104-134, 110 Stat. 1321 (1996) (PLRA), pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A(b), and 42 U.S.C. § 1997e(c). The Court is required to conduct this initial review prior to the service of the complaint. *See In re Prison Litig. Reform Act*, 105 F.3d 1131, 1131, 1134 (6th Cir. 1997); *McGore v. Wrigglesworth*, 114 F.3d 601, 604–05 (6th Cir. 1997). Service of the complaint on the named defendants is of particular significance in defining a putative defendant's relationship to the proceedings.

"An individual or entity named as a defendant is not obliged to engage in litigation unless notified of the action, and brought under a court's authority, by formal process." *Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 347 (1999). "Service of process, under

longstanding tradition in our system of justice, is fundamental to any procedural imposition on a named defendant." *Id.* at 350. "[O]ne becomes a party officially, and is required to take action in that capacity, only upon service of a summons or other authority-asserting measure stating the time within which the party served must appear and defend." *Id.* (citations omitted). That is, "[u]nless a named defendant agrees to waive service, the summons continues to function as the *sine qua non* directing an individual or entity to participate in a civil action or forgo procedural or substantive rights." *Id.* at 351. Therefore, the PLRA, by requiring courts to review and even resolve a plaintiff's claims before service, creates a circumstance where there may only be one party to the proceeding—the plaintiff—at the district court level and on appeal. *See, e.g.*, *Conway v. Fayette Cnty. Gov't*, 212 F. App'x 418 (6th Cir. 2007) ("Pursuant to 28 U.S.C. § 1915A, the district court screened the complaint and dismissed it without prejudice before service was made upon any of the defendants . . . [such that] . . . only [the plaintiff] [wa]s a party to this appeal.").

Here, Plaintiff has consented to a United States magistrate judge conducting all proceedings in this case under 28 U.S.C. § 636(c). That statute provides that "[u]pon the consent of the parties, a full-time United States magistrate judge . . . may conduct any or all proceedings . . . and order the entry of judgment in the case . . . ." 28 U.S.C. § 636(c). Because the named Defendants have not yet been served, the undersigned concludes that they are not presently parties whose consent is required to permit the undersigned to conduct a preliminary review under the PLRA, in the same way they are not parties who will be served with or given notice of this opinion. *See Neals v. Norwood*, 59 F.3d 530, 532 (5th Cir. 1995) ("The record does not contain a

2

consent from the defendants[; h]owever, because they had not been served, they were not parties to th[e] action at the time the magistrate entered judgment.").[1]

Under the PLRA, the Court is required to dismiss any prisoner action brought under federal law if the complaint is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant immune from such relief. 28 U.S.C. §§ 1915(e)(2), 1915A; 42 U.S.C. § 1997e(c). The Court must read Plaintiff's *pro se* complaint indulgently, *see Haines v. Kerner*, 404 U.S. 519, 520 (1972), and accept Plaintiff's allegations as true, unless they are clearly irrational or wholly incredible. *Denton v. Hernandez*, 504 U.S. 25, 33 (1992). Applying these standards, the Court will dismiss Plaintiff's Eighth and First Amendment claims premised upon Defendant Metro's alleged verbal abuse. Plaintiff's claims of First Amendment retaliation against Defendants Metro and Klingshern related to the alleged paid sexual assault will remain in the case.

## Discussion

### I.  Factual Allegations

Plaintiff is presently incarcerated with the Michigan Department of Corrections (MDOC) at the G. Robert Cotton Correctional Facility (JCF) in Jackson, Jackson County, Michigan. The events about which he complains occurred at the Kinross Correctional Facility (KCF) in

---

[1] *But see Coleman v. Lab. & Indus. Rev. Comm'n of Wis.*, 860 F.3d 461, 471 (7th Cir. 2017) (concluding that, when determining which parties are required to consent to proceed before a United States magistrate judge under 28 U.S.C. § 636(c), "context matters" and the context the United States Supreme Court considered in *Murphy Bros.* was nothing like the context of a screening dismissal pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A(b), and 42 U.S.C. § 1997e(c)); *Williams v. King*, 875 F.3d 500, 503–04 (9th Cir. 2017) (relying on Black's Law Dictionary for the definition of "parties" and not addressing *Murphy Bros.*); *Burton v. Schamp*, 25 F.4th 198, 207 n.26 (3d Cir. 2022) (premising its discussion of "the term 'parties' solely in relation to its meaning in Section 636(c)(1), and . . . not tak[ing] an opinion on the meaning of 'parties' in other contexts").

Kincheloe, Chippewa County, Michigan. Plaintiff sues Prison Counselor Unknown Metro and Corrections Officer Unknown Klingshern.

Plaintiff alleges that, after disciplinary charges against him were dropped, Plaintiff "kept asking" Defendant Metro when he would be released from the D-Unit. (Compl., ECF No. 1, PageID.1.) "The last time" Plaintiff asked Defendant Metro when he would be released, Defendant Metro got into Plaintiff's face and "verbally abused" Plaintiff. (*Id.*) Plaintiff made a complaint against Defendant Metro related to this incident. (*Id.*) Defendant Metro was made aware of Plaintiff's complaint and, when shown the video of the "verbal abuse," said that she "did not mean to do that." (*Id.*)

Following Plaintiff's complaint of verbal abuse, Plaintiff alleges that Defendant Klingshern put money from his credit card onto another inmate's account "to do great bodily harm to [Plaintiff]." (*Id.*) Defendant Klingshern admitted this to Plaintiff, implying that Defendant Metro "made him do it." (*Id.*)

Several days later, the inmate who had received money from Defendant Klingshern approached Plaintiff while Plaintiff was partially undressed in a toilet stall. (*Id.*) The unidentified inmate entered the toilet stall, and "bump[ed] his penis against [Plaintiff's] buttocks." (*Id.*, PageID.1–2.) Plaintiff spoke with the KCF PREA coordinator related to this incident and was told that there would be an investigation; however, Plaintiff did not hear anything further. (*Id.*, PageID.2.)

## II. Failure to State a Claim

A complaint may be dismissed for failure to state a claim if it fails "to give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). While a complaint need not contain detailed factual allegations, a plaintiff's allegations must include more than labels

4

and conclusions. *Id.*; *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."). The court must determine whether the complaint contains "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 679. Although the plausibility standard is not equivalent to a "'probability requirement,' . . . it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* at 678 (quoting *Twombly*, 550 U.S. at 556). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'show[n]'—that the pleader is entitled to relief." *Id.* at 679 (quoting Fed. R. Civ. P. 8(a)(2)); *see also Hill v. Lappin*, 630 F.3d 468, 470–71 (6th Cir. 2010) (holding that the *Twombly/Iqbal* plausibility standard applies to dismissals of prisoner cases on initial review under 28 U.S.C. §§ 1915A(b)(1) and 1915(e)(2)(B)(ii)).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege the violation of a right secured by the federal Constitution or laws and must show that the deprivation was committed by a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988); *Street v. Corr. Corp. of Am.*, 102 F.3d 810, 814 (6th Cir. 1996). Because § 1983 is a method for vindicating federal rights, not a source of substantive rights itself, the first step in an action under § 1983 is to identify the specific constitutional right allegedly infringed. *Albright v. Oliver*, 510 U.S. 266, 271 (1994).

A liberal reading of Plaintiff's complaint indicates that Plaintiff seeks to bring an Eighth Amendment claim against Defendant Metro for verbal abuse and claims for First Amendment retaliation against both Defendants Metro and Klingshern.

### A. Eighth Amendment – Verbal Abuse

Plaintiff contends that Defendant Metro "got into [Plaintiff's] face" and subjected Plaintiff to unspecified verbal abuse. (ECF No. 1, PageID.1.)

The Eighth Amendment imposes a constitutional limitation on the power of the states to punish those convicted of crimes. Punishment may not be "barbarous," nor may it contravene society's "evolving standards of decency." *Rhodes v. Chapman*, 452 U.S. 337, 345–46 (1981). The Amendment, therefore, prohibits conduct by prison officials that involves the "unnecessary and wanton infliction of pain." *Ivey v. Wilson*, 832 F.2d 950, 954 (6th Cir. 1987) (per curiam) (quoting *Rhodes*, 452 U.S. at 346). The deprivation alleged must result in the denial of the "minimal civilized measure of life's necessities." *Rhodes*, 452 U.S. at 347; *see also Wilson v. Yaklich*, 148 F.3d 596, 600–01 (6th Cir. 1998). The Eighth Amendment is only concerned with "deprivations of essential food, medical care, or sanitation" or "other conditions intolerable for prison confinement." *Rhodes*, 452 U.S. at 348 (citation omitted). "Not every unpleasant experience a prisoner might endure while incarcerated constitutes cruel and unusual punishment within the meaning of the Eighth Amendment." *Ivey*, 832 F.2d at 954. "Routine discomfort is 'part of the penalty that criminal offenders pay for their offenses against society.'" *Hudson v. McMillian*, 503 U.S. 1, 9 (1992) (quoting *Rhodes*, 452 U.S. at 347). As a consequence, "extreme deprivations are required to make out a conditions-of-confinement claim." *Id.*

The Sixth Circuit has consistently held that the use of harassing or degrading language by a prison official, although unprofessional and deplorable, does not rise to constitutional dimensions. *See Ivey*, 832 F.2d 950, 954–55 (6th Cir. 1987); *see also Johnson v. Dellatifa*, 357 F.3d 539, 546 (6th Cir. 2004) (finding that harassment and verbal abuse do not constitute the type of infliction of pain that the Eighth Amendment prohibits); *Violett v. Reynolds,* No. 02-6366, 2003 WL 22097827, at *3 (6th Cir. Sept. 5, 2003) (concluding that verbal abuse and harassment do not

6

constitute punishment that would support an Eighth Amendment claim); *Thaddeus-X v. Langley*, No. 96-1282, 1997 WL 205604, at *1 (6th Cir. Apr. 24, 1997) (holding that verbal harassment is insufficient to state a claim); *Murray v. U.S. Bureau of Prisons*, No. 95-5204, 1997 WL 34677, at *3 (6th Cir. Jan. 28, 1997) ("Although we do not condone the alleged statements, the Eighth Amendment does not afford us the power to correct every action, statement, or attitude of a prison official with which we might disagree."); *Clark v. Turner*, No. 96-3265, 1996 WL 721798, at *2 (6th Cir. Dec. 13, 1996) ("Verbal harassment or idle threats are generally not sufficient to constitute an invasion of an inmate's constitutional rights."); *Brown v. Toombs*, No. 92-1756, 1993 WL 11882 (6th Cir. Jan. 21, 1993) ("Brown's allegation that a corrections officer used derogatory language and insulting racial epithets is insufficient to support his claim under the Eighth Amendment."). Under these circumstances, Plaintiff's conclusory assertion that Defendant Metro "verbally abused" him is insufficient to state an Eighth Amendment claim. (ECF No. 1, PageID.1.) Accordingly, Plaintiff's Eighth Amendment claim against Defendant Metro arising from alleged verbal abuse will be dismissed.

### B.     First Amendment – Retaliation

Plaintiff also contends that Defendants retaliated against him for asking to be released from the D-Unit and for complaining of Defendant Metro's verbal abuse. (ECF No. 1, PageID.1–2.) Retaliation based upon a prisoner's exercise of his or her constitutional rights violates the Constitution. *See Thaddeus-X v. Blatter*, 175 F.3d 378, 394 (6th Cir. 1999) (en banc). In order to set forth a First Amendment retaliation claim, a plaintiff must establish three elements: (1) he was engaged in protected conduct; (2) an adverse action was taken against him that would deter a person of ordinary firmness from engaging in that conduct; and (3) the adverse action was motivated, at least in part, by the protected conduct. *Id.* Moreover, a plaintiff must allege facts to demonstrate that the exercise of the protected right was a substantial or motivating factor in the

defendant's alleged retaliatory conduct. *See Smith v. Campbell*, 250 F.3d 1032, 1037 (6th Cir. 2001) (citing *Mount Healthy City Sch. Dist. Bd. of Educ. v. Doyle*, 429 U.S. 274, 287 (1977)).

It appears that Plaintiff brings two separate claims of First Amendment retaliation. First, Plaintiff alleges that Defendant Metro retaliated against Plaintiff by verbally abusing Plaintiff after Plaintiff repeatedly asked Defendant Metro when Plaintiff would be released from the D-Unit. (ECF No. 1, PageID.1.) Second, Plaintiff claims that Defendants Metro and Klingshern retaliated against Plaintiff for complaining about Defendant Metro's verbal abuse. (*Id.*) Plaintiff alleges that Defendant Metro ordered Defendant Klingshern to pay another inmate to sexually assault Plaintiff, and that Defendant Klingshern—and the inmate—followed through. (ECF No. 1, PageID.1–2.)

### 1. Verbal Abuse

With respect to the first alleged instance of retaliation, even if the Court assumes that Plaintiff was engaged in protected activity in asking Defendant Metro when Plaintiff would be released from the D-Unit, Plaintiff fails to plead facts that would plausibly suggest that Plaintiff was subjected to a sufficiently adverse action, as required to state a First Amendment claim.

The Sixth Circuit has recognized that, while a specific verbal threat of harm may satisfy the First Amendment's adverse-action requirement if it would deter a person of ordinary firmness from exercising his or her First Amendment rights, some threats and deprivations are simply too minimal to constitute adverse action for First Amendment purposes. *Thaddeus-X*, 175 F.3d at 396, 398). In *Thaddeus-X*, the court held that minor verbal harassment is insufficient to constitute adverse action, because recognition of such a standard would "trivialize the First Amendment." *Thaddeus* 175 F.3d at 398-99 (citing *Bart*, 677 F.2d at 625). Indeed, "'prisoners are expected to endure more than the average citizen,' and so not every objectionable act directed at a prisoner constitutes adverse action sufficient to deter a person of ordinary firmness from engaging in protected activities." *Reynolds-Bey v. Harris*, 428 F. App'x 493, 503 (6th Cir. 2011) (quoting

8

*Siggers-El v. Barlow*, 412 F.3d 693, 701 (6th Cir. 2005)). Thus, the Sixth Circuit has not found verbal abuse alone to be sufficient to demonstrate adverse action. *Taylor v. City of Falmouth*, 187 F. App'x 596, 600 (6th Cir. 2006); *see also Carney v. Craven,* 40 F. App'x 48, 50 (6th Cir. 2002) ("Even if the grievance was not frivolous, he did not state a claim for retaliation in the form of verbal harassment. An inmate has no right to be free from verbal abuse . . . and minor threats do not rise to the level of a constitutional violation."); *Hilton v. Mish*, 224 F. Supp. 3d 595, 603 (W.D. Mich. 2016) ("[V]erbal abuse, foul language, and insensitive comments made to or about a plaintiff generally do not constitute adverse action.").

In keeping with Sixth Circuit precedent, the Court concludes that the unspecified verbal abuse by Defendant Metro alleged here would not deter a person of ordinary firmness from exercising that person's First Amendment rights in requesting a release from the D-Unit following a dismissal of disciplinary charges. Plaintiff does not provide the Court with any facts that would take his allegations of verbal abuse outside of the category of *de minimus* harm. The Court will therefore dismiss any First Amendment retaliation claim premised upon the allegation of verbal abuse by Defendant Metro.

### 2. Sexual Assault

The same is not true for Plaintiff's claim that Defendants Metro and Klingshern paid another inmate to sexually assault Plaintiff. An inmate has a right to file "non-frivolous" grievances against prison officials on his own behalf, whether written or oral, *Maben v. Thelen*, 887 F.3d 252, 265 (6th Cir. 2018), and, unlike verbal harassment, the Court finds that a paid sexual assault is objectively adverse for First Amendment purposes. Although Plaintiff has by no means proven his retaliation claims, based solely upon the facts as alleged, the Court finds that Plaintiff's First Amendment retaliation claim premised upon the alleged sexual assault cannot be dismissed on screening.

9

**Conclusion**

Having conducted the review required by the Prison Litigation Reform Act, the Court determines that the following claims will be dismissed for failure to state a claim under 28 U.S.C. §§ 1915(e)(2) and 1915A(b), and 42 U.S.C. § 1997e(c): Plaintiff's Eighth and First Amendment claims against Defendant Metro premised upon allegations of verbal abuse. Plaintiff's claims of First Amendment retaliation against Defendants Metro and Klingshern related to the alleged paid sexual assault will remain in the case.

An order consistent with this opinion will be entered.

Dated:   February 10, 2023          /s/ *Maarten Vermaat*
                                    Maarten Vermaat
                                    United States Magistrate Judge